Filed 12/30/20  P. v. Gutierrez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073880 |
| v. | (Super.Ct.No. FSB19000556) |
| MANUEL GUTIERREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.  Affirmed as modified and remanded with directions.

William Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Manuel Andrew Gutierrez contends his two prior prison term enhancements (Pen. Code,[1] § 667.5, subd. (b)) should be stricken pursuant to Senate Bill No. 136 (Senate Bill 136); however, he argues remand is unnecessary. The People concede that Senate Bill 136 applies to his case but contend that the matter should be remanded for the trial court to resentence defendant in light of the changed circumstances. We agree with the People and remand the matter for the court to resentence him in accordance with Senate Bill 136.

PROCEDURAL BACKGROUND

Defendant was charged by amended information with second degree robbery (§ 211, count 1) and resisting an executive officer (§ 69, counts 2 & 3). The amended information also alleged that defendant had two prior serious felony convictions (§ 667, subd. (a)(1)) and two prior strike convictions (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)), and that he had served three prior prison terms (§ 667.5, subd. (b)).

On September 24, 2019, a jury found defendant guilty of counts 2 and 3. The jury was deadlocked as to count 1, and the court declared a mistrial as to that count.

At the outset of a hearing on September 27, 2019, the court stated that the jury was divided on count 1 (§ 211), and the court had declared a mistrial and set the matter for a hearing on a decision on how to further proceed on that count. The court stated its understanding that the People were going to add a misdemeanor count of assault

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

with force likely to produce great bodily injury (§ 245, subd. (a)(4)) as count 4, and defendant would enter a plea. The People would also move to dismiss count 1, and defendant would admit the two prior strikes and two prison priors. The court then stated they were looking at a total sentence of nine years four months in state prison. Defense counsel agreed that is what he discussed with defendant, and defendant affirmed that he wanted to do what the court proposed.

The People moved to dismiss count 1. The court reminded defendant that he had the right to a jury trial with its accompanying rights (speedy trial, cross-examine witnesses, remain silent, etc.) if the People retried the case as to count 1 and asked if he was willing to give up those rights. Defendant affirmed. He then pled no contest to count 4 and admitted two prior strike convictions and two prior prison allegations. He signed two separate plea agreements. One stated that he understood he was (previously) charged with a violation of section 211 and that he was entering a plea to a violation of section 245, subdivision (a)(4). The other plea agreement stated he was pleading guilty/no contest to a violation of section 245, subdivision (a)(4), as added count 4 with a terminal disposition, that he was going to admit the alleged priors on counts 2 and 3, and the remaining counts were to be dismissed. The court pronounced judgment as follows: "Pursuant to the combination of the jury verdicts as to counts 2 and 3, and the defendant's agreement as to count 4, and his admission of prior allegations, the court will sentence the defendant to the California State Prison as follows: As to count 2, a violation of Penal Code section 69, the court will impose the

3

upper term of four years.[2]  That term will be doubled based on Penal Code section 1170.12 for a total commitment as to count 2 of six years.  [¶]  As to count 3, violation of Penal Code section 69, the court will impose one-third the midterm of eight months, doubled under Penal Code section 1170.12 for a total of one year and four months. The court will impose two separate one-year terms under Penal Code section 667.5(b) based on the defendant's admission of those two prison priors.  The total state prison commitment will be nine years and four months."  The court also awarded him credit for time served.

Defendant filed a notice of appeal on October 9, 2019.

DISCUSSION

The Matter Should Be Remanded for the Trial Court to Apply Senate Bill 136 and

Resentence Defendant

Defendant contends the two one-year terms imposed under section 667.5, subdivision (b), must be stricken pursuant to Senate Bill 136 since his appeal was pending when Senate Bill 136 went into effect on January 1, 2020.  The People concede, and we agree.

A.  *Senate Bill 136 Applies to Defendant's Case*

On October 8, 2019, the Governor signed Senate Bill 136 (2019-2020 Reg. Sess.), which amended section 667.5, effective January 1, 2020 (Stats. 2019, ch. 590, §

---

**2**  The court appears to have misspoken when it pronounced four years since the upper term on a violation of section 69 is three years.  (§§ 69, subd. (a), 1170, subd. (h)(1).)  However, the court corrected itself, as it pronounced that the total term was six years, after doubling the term pursuant to the strike.

4

1). Senate Bill 136 modified section 667.5, subdivision (b), to eliminate the one-year sentences for prior prison terms served, unless the prior prison term involves a conviction of a sexually violent offense. (§ 667.5, subd. (b).) The statute is retroactive and applies to cases not yet final as of its effective date. (*In re Estrada* (1965) 63 Cal.2d 740, 745; see *People v. Garcia* (2018) 28 Cal.App.5th 961, 972-973.) The People correctly concede that Senate Bill 136 applies since the prior prison terms here do not involve convictions of a sexually violent offense.

However, the question remains as to whether the case needs to be remanded for resentencing. Both parties agree the Supreme Court has held that "when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*).) Appellate courts have applied this full resentencing rule after striking prior prison term enhancements under Senate Bill 136 unless the trial court imposed the maximum possible sentence. (E.g., *People v. Keene* (2019) 43 Cal.App.5th 861, 865; *People v. Jennings* (2019) 42 Cal.App.5th 664, 682 (*Jennings*); *People v. Lopez* (2019) 42 Cal.App.5th 337, 342.) In other words, when the court imposed the maximum possible sentence, application of the full resentencing rule is unnecessary. (*Buycks*, at p. 896, fn. 15.)

The People assert the trial court here did not impose the maximum possible sentence since it sentenced defendant to a concurrent rather than consecutive term on count 4; thus, remand is necessary. Defendant argues remand is unnecessary because

the nine-year four-month sentence the court imposed was the maximum possible sentence for the felony convictions established by the jury verdicts—the upper term on count 2 and a consecutive one-third the midterm on count 3. He claims his no contest plea to the amended count 4 "was premised on the court's implied promise to not impose any consecutive punishment for that count." The record does not support this claim. The written plea agreements do not indicate a stipulated sentence, and the transcript from the hearing does not reference any promise that defendant would receive a concurrent term on count 4. Instead, the transcript shows that the court imposed the upper term of three years on count 2, doubled pursuant to the strike, plus one-third the midterm of eight months on count 3, doubled pursuant to the strike, plus two one-year terms on the prison priors. It also shows the court did not actually impose a term on count 4. Even if we imply that the court sentenced defendant to a concurrent term on count 4, which both parties allege, that would not represent the maximum possible sentence, since it could have sentenced him to a consecutive term.

We therefore conclude remand is appropriate for the trial court to resentence defendant in light of Senate Bill 136. (See *Jennings*, *supra*, 42 Cal.App.5th at p. 682 [court remanded for resentencing in part because defendant was entitled to have enhancements stricken under Senate Bill 136].) As the parties agree, on remand, the trial court may not exceed the aggregate prison term originally imposed. (See *People v. Castaneda* (1999) 75 Cal.App.4th 611, 614.)

B.  *The Court Appears to Have Neglected to Dismiss Some of the Prior Convictions Allegations*

Although not raised by the parties, we note a few apparent clerical errors. Generally, a clerical error is one inadvertently made.  (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808 (*Schultz*).)  Clerical error can be made by a clerk, by counsel, or by the court itself.  (*Ibid.* [judge misspoke].)  A court "has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts." (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

At sentencing, the trial court stated its understanding of the terms of the plea agreement to be that the People would add count 4 and defendant would enter a plea to that count.  He would also admit the two prior strike allegations and two prior prison allegations, and the court would dismiss count 1.  Defendant pled no contest to count 4 and admitted the two prior strike and two prior prison allegations.  The court dismissed count 1.  It then sentenced him to a total term of nine years four months as agreed upon.  However, we note the amended information alleged that defendant also had two prior serious felony convictions (§ 667, subd. (a)(1)) and a third prior prison term (§ 667.5, subd. (b)).  Defendant did not admit these remaining allegations, and the court did not dismiss them in its oral pronouncement of judgment.  Notwithstanding the oral pronouncement of judgment, the minute order states that the two section 667, subdivision (a)(1) allegations were ordered dismissed on the People's motion; it does not reference the third prison prior.  There is no reference to the section 667,

7

subdivision (a)(1) allegations, or the third prior prison allegation in the abstract of judgment.

"Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls. [Citations.]" (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) "The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order . . . ." (*Id.* at p. 387.) Since the court here did not actually dismiss the section 667, subdivision (a)(1) allegations (or the third prior prison), the clerk's notation in the minutes that those allegations were dismissed on the People's motion is inaccurate.

Since defendant did not admit the section 667, subdivision (a)(1) allegations or the third prior prison allegation, and the plea agreement indicates the court was to "dismiss remaining counts," it appears the court inadvertently neglected to dismiss the allegations during the oral pronouncement of judgment. We shall direct the trial court to take action on these remaining allegations consistent with the plea agreement.

DISPOSITION

The matter is remanded to the trial court with directions to strike the two one-year prior prison term enhancements (§ 667.5, subd. (b)) pursuant to Senate Bill 136 and resentence defendant. The court is also instructed to take action on the remaining allegations under section 667, subdivision (a)(1), and section 667.5, subdivision (b), consistent with the plea agreement. After resentencing defendant, the clerk of the superior court is directed to prepare an amended sentencing minute order and an

8

amended abstract of judgment reflecting defendant's new sentence and to forward certified copies of the minute order and abstract of judgment to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS          
                                J.

We concur:

MILLER          
          Acting P. J.

SLOUGH         
          J.